# IN THE COURT OF APPEALS OF IOWA

No. 25-1281
Filed December 3, 2025

**IN THE INTEREST OF A.R. and J.R.,**
**Minor Children,**

**A.R., Mother,**
    Appellant,

**R.R., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Linn County, Carrie K. Bryner, Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Rebecca Williams, Cedar Rapids, for appellant mother.

Ellen Ramsey-Kacena of Public Defender Office, Cedar Rapids, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Allison Ackerman of Nidey Erdahl Meier & Araguas PLC, Cedar Rapids, attorney and guardian ad litem for minor children.

Considered without oral argument by Tabor, C.J., and Badding and Sandy, JJ.

**SANDY, Judge.**

This case arises from the termination of parental rights of the mother and father to their minor children, J.R. (born in 2018) and A.R. (born in 2019). Both parents have separately appealed the termination of their parental rights. Because A.R. and J.R. could not be safely returned to their parents' care at the time of the termination trial, and because termination is in the children's best interests, we affirm the termination of both parents' parental rights under Iowa Code section 232.116(1)(f) (2025).

## I. Background Facts & Procedural Posture.

The mother and father were married at the time of the children's births but divorced before the initiation of the child welfare case. The Iowa Department of Health and Human Services (HHS) first became involved in July 2023, after the children witnessed their father assault his girlfriend, the mother of their half-sibling. The father had also been accused of physically disciplining A.R. with a belt in a prior assessment from December 2022.

At the time of the July 2023 incident, the children resided primarily with their father, as their mother was coping with the death of her significant other. Following the assault, the children were removed from the father's care and temporarily placed with the mother. Later that month, the children were adjudicated as Children in Need of Assistance (CINA). Although the children initially remained in their mother's custody, HHS removed them again in October due to concerns over the mother's instability, association with unsafe individuals, and possible substance use. The children were placed in foster care, where they have remained since November 2023

HHS required the mother to maintain sobriety, obtain stable housing and employment, and demonstrate consistent and safe parenting. The mother's compliance was mixed. She completed substance-use evaluations but tested positive for cocaine, THC, and methamphetamine on multiple occasions in 2024. She denied drug use and attributed results to environmental exposure. The mother also pled guilty to operating while intoxicated (OWI) in June 2023

She did obtain independent housing but struggled to maintain financial stability and reliable employment, often working informal or "under-the-table" jobs. Her mental-health diagnoses included PTSD, anxiety, and depression. Although she engaged in limited therapy and domestic violence counseling, she discontinued treatment, expressing ambivalence about needing medication or ongoing therapy.

The mother participated in SafeCare and parenting classes, demonstrating some improvement, especially in nutrition and safety routines. However, she continued to experience difficulty managing the children's behavioral issues during visits, including incidents of physical restraint and inappropriate discipline. Multiple regressions in visitation—from semi-supervised back to fully supervised— occurred after concerns of aggression, supervision lapses, and boundary violations during visits. Despite progress in some areas, HHS and the court remained concerned about the mother's inconsistent participation, failure to follow through on therapy for the children, and prioritization of vacations and personal matters over visits or appointments.

The father's involvement in services was minimal. He did not participate in drug testing or engage with HHS despite knowing how to contact providers. He

was arrested and ultimately incarcerated at Mt. Pleasant Correctional Facility following convictions for assault domestic abuse strangulation and other offenses, including multiple OWIs and controlled substance violations. The father's testimony minimized his conduct and substance use. He had no contact with the children from July 2023 through trial, and witnesses who testified on his behalf lacked credibility or minimized his violent history. The children did not ask about him or reference a relationship with him during the proceedings.

The termination petitions were filed in December 2024. The termination trial was held on February 14, 2025, and reconvened on July 1, 2025, after the mother moved to reopen the record. On July 23, 2025, both parents' rights were terminated pursuant to Iowa Code section 232.116(1)(f).

The court found that the children, both over age four and previously adjudicated CINA, could not be safely returned to either parent at the time of termination. The court concluded that both parents' unresolved issues—substance use, domestic violence, instability, and lack of protective capacity—posed ongoing risks to the children's welfare. Both parents timely appealed.

## II. Standard of Review.

Our review in termination-of-parental-rights cases is de novo. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). We follow a three-step process of determining (1) whether the State has established a statutory ground for termination under Iowa Code section 232.116(1); (2) whether the State has established that termination of parental rights is in the children's best interests after applying the framework in section 232.116(2); and (3) whether a permissive exception under section 232.116(3) should be applied. *In re L.A.*, 20 N.W.3d 529, 532 (Iowa Ct.

App. 2025) (en banc).  We do not address any steps not challenged by a parent.  *Id.*  After addressing any challenged steps, we then address any additional claims raised by a parent.  *Id.*

### III. Discussion.

#### A.  The Mother

##### i.  *Statutory Grounds*

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(f).  Section 232.116(1)(f) permits termination of parental rights upon clear and convincing proof that (1) the children are four years old or older; (2) the children have been adjudicated CINA; (3) the children have been removed from the parent's physical custody for at least twelve of the preceding eighteen months; and (4) the children cannot be returned to the parent's custody at the time of the termination trial.[1]

The mother challenges only the fourth element.  She argues that she made significant progress, maintained sobriety, achieved stable employment and housing, and developed parenting skills through SafeCare.  She contends the State failed to prove by clear and convincing evidence that the children could not be returned to her care and that termination was not in their best interests given their strong bond and her demonstrated progress.  We disagree.

---

[1] Iowa Code section 232.116(1)(f)(4) refers to not being able to return a child to the parent's custody "at the present time," which our appellate courts interpret to mean at the time of the termination trial.  *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" in section 232.116(1)(h)(4) to mean at the time of the termination trial).

While we acknowledge that the mother has advanced more than the father, the record reveals a two-year history of intensive services and repeated removals prompted by parental instability, substance use, and failure to protect. And while the mother should be commended for some of her improvements, we agree with the juvenile court that she could not provide the safe, consistent, and sober care the children required at the time of the termination trial.

### ii. *Best Interests*

When making a best-interests determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). In applying section 232.116(2), "a court should base its best-interest determination on the legislative requirements contained [therein], rather than the court's own value system." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). This means that we must base a best-interests determination on considerations "to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." The "defining elements" of the best-interests analysis are the children's safety and "need for permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

As recited above, the mother's pattern of substance use and repeated cycles of treatment and relapse is exactly the sort of case where we must not deprive the children of permanency on the hope that one of these times treatment will take and consistent sobriety will occur. *In re W.M.*, 957 N.W.2d 305, 314

(2021). The mother clearly loves her children. Yet, we cannot deprive these children of a stable home on the hope that the mother will someday be able to succeed in her efforts to remain sober and stable. *Id.* The children's best interests and need for permanency cannot be sacrificed while hoping for the mother's improvement. *Id.*

### B. The Father

The juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(f). However, the father does not contest the statutory grounds for his termination. Rather, he asserts that termination was not in the children's best interests. He emphasizes his bond with the children before removal, his participation in prison programs addressing substance abuse, and his expected parole hearing in August 2025. We disagree.

We reiterate that the "defining elements" of the best-interests analysis are the child's safety and "need for permanent home." *H.S.*, 805 N.W.2d at 748 (Iowa 2011). The record reveals the father cannot provide that. His history of domestic violence, which he was incarcerated for at the time of the termination trial, along with his complete lack of bond or connection with the children, make the children's best interests served by terminating his parental rights.

**AFFIRMED ON BOTH APPEALS.**